[Cite as *State v. Barr*, 2011-Ohio-6651.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96907

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HARRY BARR

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-477447

**BEFORE:**    Boyle, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**    December 22, 2011

**FOR APPELLANT**

Harry M. Barr, pro se
Inmate No.   522-149
1150 North Main Street
P.O. Box 788
Mansfield, Ohio   44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Mary McGrath
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, J.:

{¶ 1}   Defendant-appellant, Harry Barr, appeals the trial court's denial of his motion for resentencing filed on May 16, 2011 — four years after the trial court sentenced him to prison after he pleaded guilty for a single count of failure to verify current address. Barr contends that the trial court should have granted his motion for resentencing because he was never informed of his right to appeal under Crim.R. 32.   But the trial court has no jurisdiction to grant a motion for resentencing after a defendant's sentence becomes final. Accordingly, we affirm.

## Procedural History and Facts

**{¶ 2}** In February 2006, Barr was indicted on one count of failure to verify address, in violation of R.C. 2950.06, a third degree felony. On December 4, 2006, Barr pleaded guilty to the single charge. The trial court subsequently held a sentencing hearing where it sentenced Barr in connection with two cases — this case and Case No. CR-480727. Specifically, the trial court imposed a four-year prison term for the failure to verify current address to run consecutively to the 11-year prison term imposed in Case No. CR-480727 for Barr's conviction of robbery, which carried a notice of prior conviction and repeat violent offender specifications, for a total term of 15 years in prison.

**{¶ 3}** On May 12, 2011, Barr filed a motion for resentencing, arguing that the trial court failed to comply with Crim.R. 32(B)(2) and tell him that he had the right to appeal the sentence imposed in the underlying case.

**{¶ 4}** The trial court denied Barr's motion. Barr now appeals the trial court's denial, raising the following two assignments of error:

**{¶ 5}** "[I.] Due process is violated when the trial court fails to advise the defendant pursuant to Crim.R. 32(B)(2) of his right to appeal or to seek leave to appeal the sentence imposed.

**{¶ 6}** "[II.] The trial court abuses it discretion in denying defendant's motion for resentencing when the trial court failed to advise defendant of his right to appeal or to seek leave to appeal pursuant to mandatory provisions found in Criminal Rule 32(B)(2)."

{¶ 7} Because these are related, we will address these assignments of error together.

Trial Court's Jurisdiction and Crim.R. 32

{¶ 8} In his two assignments of error, Barr argues that the trial court erred in denying his motion for resentencing because it never advised him of his appellate rights under Crim.R. 32. Although the trial court had discussed his appellate rights at the sentencing hearing in connection with Case No. CR-480727, Barr argues that he was never informed that he could appeal his sentence in the underlying case wherein he pleaded guilty. As a result of this error, he contends that the trial court must hold another sentencing hearing. We disagree.

{¶ 9} First, the trial court's judgment of February 1, 2007, wherein it sentenced Barr to a total of four years and imposed three years of postrelease control, was a final order that was not appealed. Therefore, the trial court lacks jurisdiction to resentence Barr pursuant to a "motion for resentencing." See *State v. Fletcher*, 2d Dist. No. 21172, 2006-Ohio-3194 (recognizing that a trial court lacks jurisdiction to resentence a defendant once the judgment of sentence becomes a final order).

{¶ 10} Second, while we recognize that the trial court did not comply with Crim.R. 32(B)(2) and (3) with respect to the underlying case, we find that Barr has failed to demonstrate, let alone allege, any prejudice. Under such circumstances, we find no reversible error. See, e.g., *State v. Finch*, 11th Dist. No. 11CA6, 2011-Ohio-4273 (trial

court's failure to inform defendant of his right to appeal under Crim.R. 32 was not reversible error). Indeed, the trial court's failure to comply with Crim.R. 32(B)(2) and (3) has no bearing on whether Barr's plea was knowingly, intelligently, or voluntarily made.

{¶ 11} Accordingly, we overrule Barr's two assignments of error.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR