[Cite as *State v. Dowdy*, 2012-Ohio-2382.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96642

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHAUN DOWDY

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-520345

**BEFORE:**  E. Gallagher, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   May 31, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By:   Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113

Shaun Dowdy
Inmate No. 581-923
Lorain Correctional Institution
2075 S. Avon-Belden Rd.
Grafton, Ohio   44044

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Brian M. McDonough
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1}   Appellant Shaun Dowdy appeals his convictions for aggravated murder and kidnapping in the Cuyahoga County Court of Common Pleas.   For the following reasons, we reverse and remand.

{¶2}   Appellant was indicted on January 30, 2009 for three counts of kidnapping, five counts of felonious assault and two counts of aggravated murder with felony murder specifications.   All counts contained one- and three-year firearm specifications, a notice of a prior conviction and a repeat violent offender specification.

{¶3}   Appellant pled not guilty to the indictment and the record reflects that on September 4, 2009, appellant's trial counsel raised the issue of appellant's mental health and competence to stand trial.   The trial court granted appellant's request to conduct an independent, confidential assessment of appellant's competency.   Thereafter, appellant was referred to the court psychiatric clinic for examination.   The clinic's doctor reported that she was unable to render an opinion as to appellant's competency to stand trial and the trial court then ordered appellant to Northcoast Behavioral Healthcare (Northcoast) for an inpatient competency evaluation.   The trial court's October 26, 2009 journal entry stated:

> Upon completion of the evaluation, [Northcoast] is to provide a report to
> the court opining either (1) that the defendant is incompetent to stand trial
> and is therefore requesting that the defendant's legal status be updated to
> incompetent to stand trial or (2) that the defendant is competent to stand

trial and can be transported back to Cuyahoga County Jail to await trial.

{¶4} The record is devoid of the results of appellant's evaluation by Northcoast. On February 2, 2010, a scheduled hearing was called on appellant's pro se motion to disqualify counsel. At that time appellant's counsel represented to the trial court that appellant had been found to be competent. Appellant's counsel reiterated the same on February 17, 2010, at the time that appellant entered into a plea agreement.

{¶5} Although we recognize and respect trial counsel's legal acumen and his skill as an advocate for his clients, he has no demonstrable expertise in the pychiatric/psychological assessment arena.

{¶6} Appellant pled guilty to one count of kidnapping and one count of aggravated murder with a firearm specification. All remaining specifications were deleted and the remaining counts were nolled. Appellant was sentenced to consecutive prison terms of ten years for kidnapping, life with the possibility of parole after 20 years for aggravated murder and three years for the three-year firearm specification for a cumulative sentence of 33 years to life.

{¶7} On December 27, 2010, appellant filed a motion for resentencing, arguing that the trial court was required to resentence him to remedy the fact that he was not advised of his appeal rights. On March 17, 2011, the trial court denied the motion for resentencing, but did "reenter" the journal entry of conviction with notice of appellant's appeal rights "in order to provide [appellant] the ability to timely appeal his conviction." Accordingly, appellant brought the present appeal raising the four assignments of error contained in the appendix to this opinion.

{¶8} As a general matter, a trial court does not have the power to reenter a judgment in order to circumvent the App.R. 4(A) limitation period for the filing of an appeal. *See State v. Barr*, 8th Dist. No. 96907, 2011-Ohio-6651; *State v. Myers*, 8th Dist. No. 65309, 1993 WL 483554 (Nov. 18, 1993). Moreover, in the case sub judice, the trial court does not have the power to reenter the sentence only to restart the appellant's time for appeal, and therefore, this appeal is untimely. However, in the interest of justice, this Court, sua sponte, granted leave for a delayed appeal in order to address appellant's arguments regarding his conviction.

{¶9} We first consider appellant's second assignment of error as it is dispositive of the appeal.

{¶10} Appellant's second assignment of error states:

The trial court erred and rendered the appellant's plea void when it proceeded to disposition without holding a hearing on the issue of defendant's competency as was required by statute and the state and federal constitutions.

{¶11} Under Ohio law,

a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial. The conviction of an accused while he is not legally competent to stand trial violates due process of law. *State v. Rubenstein*, 40 Ohio App.3d 57, 60, 531 N.E.2d 732 (8th Dist. 1987).

{¶12} Moreover, under R.C. 2945.37, the Ohio legislature has determined that:

(B) In a criminal action in a court of common pleas, a county court, or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section.

* * *

(C) The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation * * *.

* * *

(E) The prosecutor and defense counsel may submit evidence of the issue of the defendant's competence to stand trial.  A written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation * * *.  R.C. 2945.37(B)-(E).

{¶13}  This court has held that, "[t]he competency issue is one that can be waived by the parties.  A hearing is not required in all situations, only those where the competency issue is raised and maintained."  *State v. Smith*, 8th Dist. No. 95505, 2011-Ohio-2400, at ¶ 5. In *Smith,* we held that where a defendant stipulates to competency, a trial court need not hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G).  *Id*. at ¶ 6.

{¶14}   In *State v. Asadi-Ousley*, 8th Dist. No. 96668, 2012-Ohio-106, we held that a competency hearing is not necessary when "[t]he record reflects that * * * both the defense counsel *and the state* stipulate[ ] to * * * psychiatric reports that appellant was competent to stand trial."   (Emphasis added.)  *Id*. at ¶ 4.  *See also State v. O'Neill*, 7th Dist. No. 03 MA 188, 2004-Ohio-6805, ¶ 21 ("where the parties stipulate to the contents of the competency reports which opine that the defendant is competent, the parties stipulate to competency and waive the competency hearing.")

{¶15} In the case sub judice, no competency hearing was held, the record does not reflect any formal finding or adoption of competency, no psychiatric report exists in the record despite the trial court's explicit order that the report be provided by Northcoast and the state did not stipulate to appellant's competency or the results of appellant's psychiatric evaluation.

{¶16} Furthermore, we cannot conclude that the trial court's failure to conduct the statutorily required hearing was harmless error. *See*, *e.g.*, *State v. Bock,* 28 Ohio St.3d 108, 502 N.E.2d 1016 (1986), (court's failure to conduct competency hearing was harmless error where defendant participated in trial, offered his own testimony, and the record failed to reveal sufficient indicia of incompetency). The issue of appellant's competency was raised, the court psychiatric clinic's doctor was unable to render an opinion as to appellant's competency and the results of appellant's subsequent evaluation by Northcoast Behavioral Healthcare were not made part of the record or jointly stipulated to by the parties. Unlike *Bock*, we cannot glean sufficient information from this record to determine whether the court's failure to conduct the hearing was harmless. *State v. Cruz*, 8th Dist. No. 93403, 2010-Ohio-3717.

{¶17} Appellant's second assignment of error is sustained.

{¶18} In light of the foregoing, we reverse appellant's convictions and remand this case to the trial court to vacate the plea and conduct a hearing on appellant's competency pursuant to R.C. 2945.37. Appellant's remaining assignments of error are moot.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR

Appendix

*Assignment of Error No. 1*:

"The trial court erred by consecutively sentencing the appellant for the crimes of kidnapping and aggravated murder, as they were allied offenses of similar import rendering the appellant's plea a violation of his due process rights."

*Assignment of Error No. 2*:

"The trial court erred and rendered the appellant's plea void when it proceeded to disposition without holding a hearing on the issue of defendant's competency as was required by statute and the state and federal constitutions."

*Assignment of Error No. 3*:

"The trial court made a [sic] error when accepting the appellant's guilty plea without making sure that the appellant understood *the nature of the charges*, in

violiotion [sic] of the appellant's rights to due process of law under the 6th amendment to the United States constitution and Article I, Section 10, of the Ohio constitution, and failed to comply with Crim.R. 11((C)(2)(a)). [sic] The plea was less then [sic] knowingly, intelligently made."

*Assignment of Error No. 4*:

"The plea must be vacated because the trial court made a [sic] error when it did not advise the appellant of his maximum penalty that would be imposed on the 'firearm sepecification' [sic] on count 9, and failed to comply with Crim.R. 11((C)(2)(a)). [sic] The plea was less then [sic] knowingly, intelligently made."