[Cite as *State v. Morris*, 2013-Ohio-1033.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98591**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD L. MORRIS

DEFENDANT-APPELLANT

### JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-547947, CR-551411, CR-558239, and CR-561093

**BEFORE:** Rocco, J., Celebrezze, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 21, 2013

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square
Suite 1616
Cleveland, Ohio 44113-1901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Norman Schroth
Assistant County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} In this consolidated appeal involving four separate indictments, defendant-appellant Richard L. Morris ("Morris") appeals from his conviction and 30-month sentence for aggravated assault, interference of custody, contributing to unruliness or delinquency, attempted tampering with records, and identity fraud. Morris argues that his guilty plea is void because the trial court failed to conduct a competency hearing prior to accepting Morris's plea. We agree. Accordingly, we reverse the trial court's final judgment and remand with instructions to conduct a competency hearing.

{¶2} At a pretrial hearing held on August 18, 2011, Morris was referred to the court psychiatric clinic to determine whether he was competent to stand trial. On September 30, 2011, the court went on the record disclosing that Dr. Barach of the court's psychiatric clinic did not make a direct diagnosis within a reasonable degree of medical certainty regarding Morris's competency to stand trial, but had instead offered that Morris was malingering.

{¶3} At the September 30, 2011 hearing, the trial court ordered Morris transferred to Northcoast Behavioral Health Care ("Northcoast") for 20 days for a competency examination. The trial court stated on the record that it would await a report from Northcoast before setting any further dates. According to the docket, the matter was continued twice in October. Then, on November 2, 2011, the docket indicates that Morris was reordered to Northcoast for a 20-day assessment to determine competency.

**{¶4}** Although neither the docket nor the transcript contain any information pertaining to the status of Morris's competency, on May 21, 2012, Morris entered into a plea agreement with the prosecutor. On May 25, 2012, the trial court imposed a 30-month sentence on the counts to which Morris pleaded guilty. Morris then filed his notice of appeal.

**{¶5}** Morris presents two assignments of error for review.

I. The trial court erred and rendered the appellant's plea void when it proceeded to disposition without holding a hearing on the issue of defendant's competency as was required by statute and the state and federal constitutions.

II. The trial court erred to the prejudice of appellant when it failed to comply with the guidelines set forth in R.C. 2929.13(B)(1)(a)(i)-(iii), in violation of Ohio law and appellant's right to due process of law, and his right against imposition of excessive sentences secured by the Eighth and Fourteenth Amendments to the U.S. Constitution and Art. I, § 9 of the Ohio Constitution.

**{¶6}** In his first assignment of error, Morris argues that the trial court erred in accepting Morris's guilty plea without first conducting a competency hearing. We agree.

**{¶7}** It is well settled that a trial court must hold a competency hearing if the issue of competency is raised prior to trial. R.C. 2945.37(B); *State v. Cruz*, 8th Dist. No. 93403, 2010-Ohio-3717, ¶ 13-16. In the trial context, this rule ensures that the trial court can properly assess whether the defendant can understand the nature of the proceedings against him and whether the defendant can assist in his defense. *Cruz* at ¶ 16. Similarly, where a guilty plea is involved, if the trial court does not first conduct a competency hearing when competency is in issue, then "the trial

court cannot make a reliable determination of the defendant's competency to enter a knowing, intelligent, and voluntary plea under Crim.R. 11." *Id.* at ¶ 17. Where the issue of competency is raised, a trial court commits reversible error by failing to hold a competency hearing before accepting a defendant's guilty plea. *Id.*, citing *State v. Smith*, 8th Dist. No. 92649, 2010-Ohio-154; *State v. McGrath*, 8th Dist. No. 91261, 2009-Ohio-1361.

{¶8} We have recently reversed convictions and sentences in two cases on facts analogous to the case at bar. In *Cruz*, the trial court referred the defendant for a psychiatric evaluation, but subsequently accepted a guilty plea without first conducting a competency hearing. The record contained no indication that the defendant's counsel stipulated to a finding of competency, nor that the defendant waived the hearing requirement. Similarly, in *State v. Dowdy*, 8th Dist. No. 96642, 2012-Ohio-2382, we reversed a conviction and sentence based on a guilty plea when no competency hearing was held, the record did not reflect any formal finding or adoption of competency, no psychiatric report existed in the record despite the trial court's explicit order that the report be provided by Northcoast, and there was no stipulation regarding the defendant's competency or the results of the defendant's psychiatric evaluation.

{¶9} In both *Cruz* and *Dowdy*, we determined that we could not glean sufficient information from the record to determine whether the court's failure to conduct the hearing was harmless. *See State v. Bock*, 28 Ohio St.3d 108, 502 N.E.2d 1016 (1986) (court's failure to conduct competency hearing harmless error where defendant

participated in trial, offered his own testimony, and the record failed to reveal sufficient indicia of incompetency).

{¶10} Similarly, in the instant case, the issue of competency was raised prior to trial. The trial court ordered that Morris undergo a 20-day examination at Northcoast, but no findings from that examination appear in the record. The record does not indicate that a competency hearing was held. No order was entered determining Morris's competency. Morris did not waive the hearing requirement, and his counsel did not stipulate to a competency finding. As with *Cruz* and *Dowdy*, the record in this case does not provide sufficient information to determine whether the court's failure to conduct the hearing was harmless, and so we decline the state's invitation to find harmless error.

{¶11} The trial court could not accept Morris's guilty plea without first conducting a competency hearing, because the trial court could not ensure that Morris's plea was made knowingly, intelligently, and voluntarily. Accordingly, we sustain Morris's first assignment of error.

{¶12} In his second assignment of error, Morris argues that the trial court erred in sentencing him, because it failed to comply with the sentencing guidelines set forth in R.C. 2929.13(B)(1)(a). Because we are reversing the trial court's final judgment and vacating the sentence, we decline to address this assignment of error because it is now moot.

**{¶13}** The trial court's final judgment is reversed, and Morris's sentence is vacated. On remand, the trial court shall conduct a competency hearing to determine whether Morris is competent to enter into a plea agreement and whether he is competent to stand trial.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
TIM McCORMACK, J., CONCUR