[Cite as *State v. Jirousek*, 2013-Ohio-4796.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99641**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL D. JIROUSEK

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-559093

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 31, 2013

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Callista R. Plemel
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Michael Jirousek appeals from his conviction of attempted assault on a peace officer. He claims he was denied due process of law because the trial court failed to determine his competency after it referred him for a competency evaluation. Finding merit to the claim, we reverse the trial court's judgment and remand the matter for further proceedings consistent with this opinion.

## Substantive Facts and Procedural History

**{¶2}** On January 27, 2012, Jirousek, 27, a college graduate, got into an argument with his parents when his parents refused to allow him to drive the family car to go on a date. His parents called the police. When confronted by three police officers who responded to the call, Jirousek swung and hit one of the officers, and was arrested.

**{¶3}** Jirousek made an initial appearance in court on January 31, 2012, and bail was set. A week later, he was referred to the court's psychiatric clinic for an evaluation to determine if he was competent to stand trial. The court's journal entry dated February 7, 2012 stated the following:

> * * * Defendant is referred to court psychiatric clinic.
> Director, Psychiatric Clinic:
> In accordance with provisions of the Ohio Revised Code, 2945.371["Evaluations of defendant's mental condition at relevant time; separate mental retardation evaluation competence to stand trial"]; etc. 2947.06(B)["Testimony in mitigation of sentence; presentence investigation report; psychological reports"] report for the purpose of determining the

disposition of a case: eligibility for mental health/ developmental disability due to a psychotic disorder (formerly MDO).

You are directed to examine Michael D Jirousek.

However, despite the referral, the docket does not reflect any further reference to the issues of Jirousek's competency.

{¶4} Also on February 7, 2012, the case was referred to the grand jury for indictment. On February 21, 2012, Jirousek was indicted for assault on a peace officer, a fourth-degree felony and resisting arrest, a second-degree misdemeanor. On March 6, 2012, he was arraigned.

{¶5} Over the course of the next few months, eight pretrials were held. Then, on July 25, 2012, the trial court issued a capias for him because he was incarcerated and awaiting the disposition of an unrelated case in Geauga County (to which he later pleaded guilty, receiving a two-and-a-half year prison term).

{¶6} Subsequently, on February 7, 2013, Jirousek pleaded guilty in the instant case to attempted assault on a peace officer, a felony of the fifth degree. He waived a PSI, and the court proceeded to sentence him to a seven-month prison term, allowing him, however, to serve the term concurrently with his prison term in Geauga County. The only inkling that the defendant's mental health may be an issue from the record before us is defense counsel's statement to the court before sentencing that "[Jirousek's] very sorry for what he did. He's going to focus on getting an anger management program in and also any mental health programs that they may have at the facility * * *."

{¶7} Jirousek now appeals, raising five assignments of error for our review. Under the first assignment of error, he claims he was denied due process of law because there was no judicial determination of his competence after being referred for a competency evaluation.

{¶8} A person who "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense" may not stand trial. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 155, citing *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *Id.*, citing *State v. Berry*, 72 Ohio St.3d 354, 359, 1995-Ohio-310, 650 N.E.2d 433.

{¶9} R.C. 2945.37 addresses the competency issue. It states, in pertinent part:

> (B) In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court *shall* hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.
>
> (C) The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation * * *.

(Emphasis added.)

{¶10} This court has consistently held that, pursuant to R.C. 2945.37(B), a trial court must hold a hearing on the issue of a defendant's competency if the issue is raised prior to trial. In *State v. Dowdy*, 8th Dist. Cuyahoga No. 96642, 2012-Ohio-2382, the record reflected that the trial court ordered appellant (to Northcoast Behavioral Healthcare) for a competency evaluation. We reversed appellant's conviction and remanded for the trial court to vacate his guilty plea because, despite the trial court's explicit order for a psychiatric evaluation, no competency hearing was held, neither did the record reflect any finding of competency, a filing of the psychiatric report, or stipulation by the parties regarding defendant's competency. *Dowdy* at ¶ 15.

{¶11} We distinguished *State v. Bock*, 28 Ohio St.3d 108, 502 N.E.2d 1016 (1986), where the court held the lack of a hearing was harmless error, because defendant participated in trial and offered his own testimony and the record failed to reveal sufficient indicia of incompetency. We explained that because the results of the evaluation ordered by the court were not made part of the record, nor stipulated to by the parties, we were unable to glean sufficient information from the record to conclude the trial court's failure to conduct the hearing was harmless. *Id.* at ¶ 16, citing *State v. Cruz*, 8th Dist. Cuyahoga No. 93403, 2010-Ohio-3717, ¶ 11-16. *See also State v. Morris*, 8th Dist. Cuyahoga No. 98591, 2013-Ohio-1033, ¶ 10. As the court in *State v. Were*, 94 Ohio St.3d 173, 177 2002-Ohio-481, 761 N.E.2d 591, remarked, "common sense dictates that no defendant can make a record of lack of competency absent the findings and

hearings contemplated by R.C. 2945.37 and 2945.371," citing *Bock* at 113 (Wright, J., dissenting).

**{¶12}** Similarly here, the issue of the defendant's competency was raised, as reflected by the trial court's February 7, 2012 judgment entry. However, the trial court did not hold a hearing on this issue, or otherwise make a formal finding of competency on the record; neither does the record reflect that a psychiatric evaluation report was filed or that the parties stipulated to the defendant's competency.[1] The docket is simply devoid of any further reference to the competency issue subsequent to the court's referral for psychiatric evaluation. As in *Dowdy*, we are unable to glean sufficient information from this record to conclude the court's failure to conduct the statutorily required hearing is harmless. Without first conducting a hearing and determining Jirousek's competency, the trial court could not ensure that his guilty plea was indeed knowing, intelligent, and voluntary. *Morris* at ¶ 11.

**{¶13}** The first assignment of error is sustained. Appellant's conviction is reversed, and this matter is remanded to the trial court to vacate the guilty plea and conduct a hearing on appellant's competency pursuant to R.C. 2945.37. The remaining assignments of error are moot.

**{¶14}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

---

[1] After appellant and appellee filed the respective briefs, this court, sua sponte, ordered the psychiatric evaluation report to be filed with this court. The report was subsequently filed by the clerk. However, there is no indication whether the report was ever considered by the trial court.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY EILEEN KILBANE, J., CONCURS;
EILEEN A. GALLAGHER, P.J., CONCURS (WITH SEPARATE CONCURRING OPINION ATTACHED)

EILEEN A. GALLAGHER, P.J., CONCURRING:

{¶15} The system failed this appellant.

{¶16} The rush to resolution, which seems to be the underlying principle of the Early Case Management ("ECM") program, has contributed to the failure.

{¶17} The appellant's initial appearance on January 31, 2012, was via video conferencing. Bond was set, a trial judge assigned and the ECM standing order was journalized, including an order that parties and counsel be present on February 7, 2012, for an ECM hearing.

{¶18} The record does not reflect that the appellant or counsel was actually present on February 7, 2012. The journal entry of that date merely reflects "No early resolution. Case referred to prosecutor for further action * * *." Appellant was referred at that

time to the Court Psychiatric Clinic for an evaluation to determine, among other things, competency to stand trial.

{¶19} There is no indication as to why appellant was so referred or who requested the referral.

{¶20} A report was prepared by psychologist Bethany A. Young-Lundquist and dated March 5, 2012. Said report was addressed to the trial court at Courts Tower 22D Justice Center.

{¶21} Dr. Young-Lundquist in that report that was made part of the record by order of this court opined, with a reasonable degree of psychological certainty, that appellant was competent to stand trial. She also made clear that the appellant, based upon a referenced diagnosis was eligible "for supervision in the Mental Health/Developmental Disability Program."[2]

{¶22} Someone raised the proverbial red flag in this case that suggested that appellant has, or may have, mental health issues. However, after that flag was raised, no one took a second look.

{¶23} Had anyone paid attention, the appellant could have been referred for an independent evaluation, which may have reached a different conclusion.

{¶24} This case should serve as a notice to all: the courts, the prosecutors and defense counsel that haste sometimes does, in fact, make waste.

---

[2]In order to maintain the appellant's privacy, specific records and findings of the Court Psychiatric Clinic will not be identified.