[Cite as *State v. Bennett*, 2019-Ohio-2213.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,        :

                                 No. 107078

    v.                          :

TAMESHA BENNETT,                        :

    Defendant-Appellant.       :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 6, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-621144-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecutor, and
Anna Woods, Assistant County Prosecutor, *for appellee.*

Joseph V. Pagano, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Appellant Tamesha Bennett ("Bennett") appeals her jury trial conviction for one count of felonious assault under R.C. 2903.13(A), a fourth-degree felony. We reverse and remand.

## I. Background and Facts

{¶ 2} Bennett has a considerable mental health history and has been admitted to several treatment facilities over the years. On September 5, 2017, accompanied by her caseworker, Bennett voluntarily admitted herself to MetroHealth Medical Center due to mental health concerns. Bennett was seeking an adjustment of her medications. After waiting several hours to receive medical attention, Bennett began yelling and screaming that she wanted to leave. Police officers, including Officer Philip Onysyk ("Officer Onysyk"), were called to assist and remained present at the staff's request.

{¶ 3} Bennett began yelling again when the staff tried to relocate Bennett to another room. Bennett threw a plastic meal tray at a nurse and began flailing her arms near staff members. Officers moved to restrain Bennett by holding her down on the bed, and Bennett protested, yelling that "you're raping me." Bennett bit Officer Onysyk on the leg, causing a large bruise.

{¶ 4} Bennett was indicted for assaulting a peace officer, a fourth-degree felony, under R.C. 2903.13(A). In November 2017, the trial court ordered that the psychiatric clinic conduct competency and sanity at the time of the act evaluations of Bennett. At the appointment, Bennett requested to confer with an attorney before she completed a sanity evaluation. The psychiatric doctor submitted a letter to the court regarding Bennett's request.

{¶ 5} Before trial began on February 7, 2018, the trial court inquired of defense counsel whether Bennett was on the mental health docket and whether

there were any issues about competency. Defense counsel responded that there were none that he was aware of and expressed his belief that Bennett had been evaluated. Bennett informed the trial court that she believed the psychiatric clinic wanted her to return for another appointment, but she never received a letter. The trial court acknowledged the presence of a 2013 competency report in the file from a previous case finding that Bennett was competent to stand trial in that matter. The trial court inquired about Bennett's competency issues on the day of trial and, being satisfied, began trial. Bennett was tried before a jury and convicted the same date. Bennett appeals the conviction.

## II. Assignments of Error

{¶ 6} Bennett proffers four assignments of error:

I. The trial court erred when it ordered an evaluation for competency to stand trial and sanity at the time of the act, and then did not hold a hearing on the issue of sanity and the hearing on competency was insufficient to determine appellant's competence.

II. Appellant's Sixth and Fourteenth Amendment rights under the United States Constitution were violated based upon ineffective assistance of counsel.

III. The trial court erred when it denied appellant's motion for acquittal under Crim.R. 29 because the state failed to present sufficient evidence to establish beyond a reasonable doubt the elements necessary to support the conviction.

IV. Appellant's conviction is against the manifest weight of the evidence.

## III. Discussion

{¶ 7} We address the second assigned error charging ineffective assistance of counsel as it is dispositive of this case. This court finds that Bennett was deprived of a fair trial by the ineffective assistance of counsel regarding the issue of Bennett's competency.

{¶ 8} In an appellate review,

> Reversal of a conviction for ineffective assistance of counsel requires a defendant to show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *State v. Smith*, 89 Ohio St.3d 323, 327, 731 N.E.2d 645 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel's performance must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance of counsel. *See State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the proceeding would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998).

*State v. Jones*, 8th Dist. Cuyahoga No. 102260, 2016-Ohio-688, ¶ 14.

{¶ 9} In addition,

> [t]o establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland* at 687-688, 694; *Bradley* at paragraphs two and three of the syllabus.

*Id.* at ¶ 15.

{¶ 10} Also,

> [i]n evaluating a claim of ineffective assistance of counsel, a court must give great deference to counsel's performance. *Strickland* at 689. "A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of

reasonable professional judgment." *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69.

*Id.* at ¶ 16.

{¶ 11} R.C. 2945.37 addresses hearings on competence to stand trial:

(B)    In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

(C)    The court shall conduct the hearing required or authorized under division (B) of this section within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation or, in the case of a defendant who is ordered by the court pursuant to division (H) of section 2945.371 of the Revised Code to undergo a separate intellectual disability evaluation conducted by a psychologist designated by the director of developmental disabilities, within ten days after the filing of the report of the separate intellectual disability evaluation under that division. A hearing may be continued for good cause.

R.C. 2945.37.

{¶ 12} Bennett has a long history of mental health issues. The court and defense counsel were aware of Bennett's history. The record reveals on the morning of the trial, Bennett refused to plead guilty to the proposed fifth-degree felony. Defense counsel informed the trial court of Bennett's belief that "[s]he was provoked to do it by others and maintains her innocence." (Tr. 7.)

**{¶ 13}** Bennett also advised the trial court at that time that her counsel failed to subpoena a witness that she requested to have testify on her behalf.

> Bennett: I think I wrote you a letter — did you get it — about a new lawyer because in the beginning of this I have been asking [counsel] to get the — my witness of the doctor of why the doctor released me if I was so worked up. They were supposed to give me a shot that day. They didn't give me a shot. The doctor released me when everything went down because I told them what had happened. So I want to know if I was so worked up and so — and fighting the staff, why did the doctor release me?

(Tr. 8.)

**{¶ 14}** The court advised Bennett that the information did not appear to have anything to do with her case and indicated that counsel may have determined that the information was not relevant. "[T]his is not complicated. Either you did this or you did not do this." (Tr. 8.)

**{¶ 15}** Bennett responded that counsel first told her to call the doctor herself. "[T]hen he just told me today I should have told my caseworker to do it." Bennett indicated that the doctor witnessed the event. The state said it did "not believe there was a doctor present in the room while [the incident] was going on." (Tr. 8-9.)

**{¶ 16}** Defense counsel advised that he asked Bennett to provide him with "the name, address and phone numbers of any witnesses she wanted subpoenaed. That was never done. I have no — if there was a doctor, I don't even know what his name is." (Tr. 10.) The trial court then informed Bennett that she was free to take the witness stand and explain what happened and let the jury decide.

{¶ 17}  The trial court next inquired:

Court:      Let me – before the jury comes out here, is Ms. Bennett on the mental health court docket?

Counsel:    Yes, Your Honor.

Court:      There's no issue about competency, right?

Counsel:    None that I'm aware of, Your Honor. I believe she was evaluated.

Court:      She's been able to assist you in her preparation for the defense?

Counsel:    Yes, to the degree she's made an effort.

Court:      Okay.  And you're thinking clearly today, right?

Bennett:    Yes; but when I went to the court mental health here, they said that they were — before they actually took in consideration of what I was saying that they wanted me to come back.

Court:      Okay.

Bennett:    So I have never got a letter to come back.

Court:      Well, I know that there's a previous report here, a competency report.  This is — you were — this was for a previous case, 2013. You were found competent.

Bennett:    Yeah.

Court:      Are you on any type of medication today?

Bennett:    I take Geodon and Neurontin.

Court:      For your schizoaffective disorder.

Bennett:    Uh-huh.

Court:      And are you thinking clearly?

Bennett:    Yes.

| Court: | And you have an understanding of what the allegations are and the proceedings and the roles of the various parties in this case? |
|---|---|
| Bennett: | Yes. |
| Court: | And you are prepared to go forward. |
| Bennett: | Yes. |
| Court: | Okay, great. Let's bring the jury out. |

(Tr. 11-13.)

{¶ 18} The trial proceeded to conclusion. Bennett testified in her defense. At no point during the trial, verdict, or sentencing was a competency or sanity at the time of the act report mentioned, other than the 2013 competency report briefly referenced prior to the trial. After the verdict, the trial court requested a presentence investigation report. Bennett was placed on supervised release with a mental health probation officer.

{¶ 19} At the sentencing, the trial court informed Bennett that her conviction could result in an 18-month prison sentence; however,

> because you are mental health eligible, what I'll try to do is work with you and your issues and provide you with a support system that will help you be successful on probation.
>
> It's going to entail, you will be transferred to the mental health docket. You will get a special probation officer, that he would work with Signature [Health mental health clinic] and your caseworker there to make sure you are medication compliant.
>
> But what I need on your end is a commitment not to drink alcohol, not to use any drugs because it mixes with the medication and creates problems.

(Tr. 232-233.)

{¶ 20} A review of the record in this case demonstrates that a R.C. 2945.371 evaluation for competence and sanity at the time of the act was requested by defendant and ordered by the trial court on November 16, 2017. R.C. 2945.37(C) says that the "court shall conduct the hearing within ten days after the filing of the report of the evaluation."

{¶ 21} If a request is made prior to trial, the trial court must conduct a hearing.

> The Ohio Supreme Court has stated that "there is no question that where the issue of the defendant's competency to stand trial is raised prior to trial, a competency hearing is mandatory." *State v. Bock*, 28 Ohio St.3d 108, 109, 502 N.E.2d 1016 (1986); *State v. Ahmed*, 103 Ohio St. 3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶ 64 ("R.C. 2945.37 requires a competency hearing if a request is made before trial.") Likewise, this court has consistently held that pursuant to R.C. 2945.37(B), a trial court must hold a hearing on the issue of a defendant's competency if the issue is raised prior to trial. [*State v.*] *Jirousek*, 8th Dist. Cuyahoga No. 99641, 2013-Ohio-4796, ¶ 10; *State v. Dowdy*, 8th Dist. Cuyahoga No. 96642, 2012-Ohio-2382. In this case, the issue was raised prior to trial but the trial court did not hold the hearing required by R.C. 2945.37(B).

*State v. Flanagan*, 2017-Ohio-955, 86 N.E.3d 681, ¶ 9 (8th Dist.).

{¶ 22} Not only were the competency and sanity examinations ordered three months prior to the trial, there was no subsequent mention of the request prior to trial, during or after. It is clear from the record that Bennett was having issues at the time of the act. There is no dispute that Bennett's caseworker accompanied her to the hospital to have her medications adjusted because they believed that Bennett's current medications were not effective.

{¶ 23} This court granted Bennett's request to extend the time to file her appellate brief to allow her to provide us with the "court psychiatric clinic reports." The reports were submitted to this court under seal.

{¶ 24} The sealed record contains court psychiatric reports issued to the trial court in December 2017, the receipt of which was not referenced in the record of this case and was certainly never mentioned by defense counsel or the trial court. As a reviewing court, we cannot consider the content of the reports as we may not entertain matters that are not part of the record on appeal. *State ex rel. Cotton v. Ghee*, 84 Ohio St.3d 54, 55-56, 701 N.E.2d 989 (1998).

{¶ 25} The judgment entry documenting the competency and sanity at the time of the act report request was placed on the docket in November 2017. Apparently, defense counsel in this case appeared the morning of the trial without knowledge of those facts. A basic review of the file would show that the incident occurred at MetroHealth Medical Center where Bennett and her caseworker appeared seeking to have Bennett admitted because the medication Bennett was taking was not helping her. After approximately five hours of waiting, Bennett wanted to leave the hospital and, when she was restrained by the officers on the bed in a face down position, she yelled that she was being raped and attempted to defend herself by biting the officer.

{¶ 26} Clearly, counsel was on notice of a sanity at the time of the act issue and a possible competency issue based on the underlying facts and counsel's duty to make a reasonable inquiry about Bennett's history. The trial court asked counsel

directly, "[t]here's no issue about competency, right?" (Tr. 13.) Counsel's seemingly nonchalant response was, "[n]one that I'm aware of, Your Honor. I believe she was evaluated." (Tr. 13.).

{¶ 27} This court is aware that the failure to hold a competency hearing is harmless error where Bennett participated in her own defense and otherwise failed to demonstrate other "indicia of competency." *State v. Were*, 94 Ohio St.3d 173, 175, 2002-Ohio-481, 761 N.E.2d 591. *State v. Bock*, 28, Ohio St.3d 108, 502 N.E.2d 2016 (1986), paragraph one of the syllabus. However, the pertinent issue here is Bennett's sanity at the time of the act and not her competency at the time of trial.

{¶ 28} According to the report, Bennett informed the psychiatrist that her attorney did not tell her about the sanity evaluation portion of the examination and she wanted to speak with him first. In light of Bennett's complaints about counsel's asserted lack of cooperation and responsiveness, such as telling Bennett that if she wanted a MetroHealth doctor to testify at her trial, she should "call the doctor" herself or have her caseworker do it, we do not conclude that the sanity at the time of the act defense should be deemed abandoned.

{¶ 29} Counsel's performance was obviously deficient and prejudiced Bennett's defense. *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373; and *Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456. Our findings render the remaining assignments of error moot. App.R. 12(A)(1)(c).

{¶ 30} Judgment reversed and conviction vacated. We remand the case to the trial court for a competency and sanity at the time of the act determination. Upon determination, the trial court shall conduct further proceedings as required by law.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS WITH SEPARATE OPINION

SEAN C. GALLAGHER, P.J., CONCURRING:

{¶ 31} I concur fully with the majority. This is a close call on the question of prejudice. In this case, the psychiatric report, which has been included in the appellate record without objection, indicates that Bennett was competent to stand trial. Further, the report sets forth that Bennett declined to participate in the evaluation of her sanity regarding her conduct at the hospital. At all times, Bennett portrayed herself to be fully informed and capable of asking for clarification during the entire trial process.

{¶ 32} Significantly, Bennett appears to have abandoned any assertion that she was insane at the time of the act. This arguably led the trial court to minimize the need for close scrutiny of her mental state. "The failure to hold a competency hearing is harmless error where the defendant proceeds to participate in the trial, offers his own testimony in defense and is subject to cross-examination, and the record fails to reveal sufficient indicia of incompetency." *State v. Bock*, 28 Ohio St.3d 108, 108, 502 N.E.2d 1016 (1986), paragraph one of syllabus. As noted by the majority, an evidentiary hearing on the competency issue is only constitutionally required where there are "sufficient indicia of incompetency to call into doubt defendant's competency to stand trial." *State v. Were*, 94 Ohio St.3d 173, 175, 2002-Ohio-481, 761 N.E.2d 591. Arguably, Bennett's decision not to participate in the evaluation of her sanity was invited error. As the court-appointed psychiatrist indicated, Bennett was notified that the sanity evaluation could proceed if Bennett decided to assert the defense. Nothing in the record demonstrates her desire to assert the affirmative defense of insanity.

{¶ 33} Nevertheless, in my view, her conduct on the date of the event and her past mental history required something more by counsel than an off-the-cuff remark regarding competency. The failure to even address sanity in light of these factors crosses the prejudice line for me. Admittedly, I am deciding the prejudice question on what I perceive as a failure of the procedure, but not to address the sanity question given Bennett's behavior and past history eliminated her only possible defense. I therefore concur with the majority.