[Cite as *State v. Barnes*, 2021-Ohio-3469.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Nos. 109609 and 109610 |
| v. | : | |
| DEANTAIE BARNES, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 30, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-640407-A and CR-19-642922-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eben O. McNair, Assistant Prosecuting Attorney, *for appellee.*

Stephen L. Miles, for *appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Deantaie Barnes appeals his jury trial convictions and sentences on multiple charges. We reverse the trial court's judgment and remand.

## I.   Procedural History

{¶ 2}   The first set of charges arose from an incident that occurred on or about May 19, 2019.  In *State v. Barnes*, Cuyahoga C.P. No. CR-19-640407-A, Barnes was indicted for felonious assault of Cleveland Police Officer Jeffrey M. Kozma ("Officer Kozma"), R.C. 2903.11(A)(1), a first-degree felony; assault of Officer Kozma, R.C. 2903.13(A), a first-degree felony; assault of Officer Kozma, R.C. 2903.13(A), a fourth-degree felony; resisting arrest, R.C. 2921.33(B), a first-degree misdemeanor; and obstructing official business, R.C. 2921.31(A), a fifth-degree felony.

{¶ 3}   The second set of charges arose from an incident that occurred on or about August 9, 2019.  In *State v. Barnes*, Cuyahoga C.P. No. CR-19-642922-A, Barnes was indicted for felonious assault of Cleveland Police Officer Neil Pesta ("Officer Pesta"), R.C. 2903.13(A), a fourth-degree felony, and resisting arrest, R.C. 2921.33(A), a second-degree misdemeanor.

{¶ 4}   On August 28, 2019, at Barnes's request, Barnes was referred to the court psychiatric clinic for each case:

> In accordance with provisions of the Ohio Revised Code 2945.371 competence to stand trial; etc. 2945.371 sanity at the time of the act 2947.06(B), reports for the purpose of determining the disposition of a case: eligibility for transfer to mental health court (defendant has a psychotic disorder or intellectual function below I.Q. of 75). You are directed to examine Deantaie Barnes, who is awaiting trial.

 Journal entry Nos. 110165919 and 110166047 (Sept. 5, 2019).

{¶ 5}   Via judgment entries issued on September 5, 2019, at the trial court's request, previously scheduled pretrials of the cases were continued to October 15,

2019. "Reason for continuance: awaiting psychiatric report. The court psychiatric department asked for additional time to complete the report." Journal entry Nos. 110221803 and 110221668 (Sept. 5, 2019). The record does not reflect that the psychiatric reports were ever filed or further addressed.

{¶ 6} The cases were consolidated for a jury trial that commenced on January 8, 2020. Barnes did not testify, and the defense did not call witnesses.

{¶ 7} On January 10, 2020, Barnes was found not guilty of felonious assault of Officer Kozma and convicted of all remaining charges. Barnes was sentenced in Cuyahoga C.P. No. CR-19-640407-A to serve concurrently: 18 months for assault, 6 months for resisting arrest, and 12 months for obstructing official business. In Cuyahoga C.P. No. CR-19-642922, Barnes was sentenced to serve concurrently: 18 months for assault and 6 months for resisting arrest. The sentences in each case were run consecutively for a total of 36 months.

{¶ 8} Barnes appeals.

## II.  Assignments of Error

{¶ 9} Barnes poses three assigned errors:

I.    The trial court erred by not conducting a competency hearing after the issue was raised prior to trial.

II.    The evidence was insufficient to support the conviction for assault regarding the May 19, 2019 incident.

III.    The appellant's convictions were against the manifest of the weight of the evidence regarding the August 9, 2019 incident.

## III. Discussion

### A. Competency Hearing

{¶ 10} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St. 3d 354, 650 N.E.2d 433 (1995). Barnes argues that the court violated R.C. 2945.37(B) when it ordered an evaluation for competency but failed to hold a hearing on the issue.

{¶ 11} R.C. 2945.37(B) states,

[I]n a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

*Id.*

{¶ 12} Under R.C. 2945.37(G), there is a presumption that a defendant is competent to stand trial. This presumption remains valid unless it is proven by a preponderance of the evidence that the defendant is unable to understand the nature and objective of the proceedings against him or of assisting in his defense. *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 160. The issue of a defendant's competency to stand trial may be raised by the trial court, prosecutor, or the defendant. R.C. 2945.37(B).

{¶ 13} An evidentiary competency hearing is constitutionally required where there exists "sufficient indicia of incompetency to call into doubt defendant's

competency to stand trial." *State v. Were*, 94 Ohio St.3d 173, 175, 761 N.E.2d 591 (2002). Where a request is made prior to trial, a competency hearing is mandatory:

> [T]he court must hold such a hearing within 30 days after the issue is raised, unless the defendant has been referred for evaluation, in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation. R.C. 2945.37(C).

*State v. Minifee*, 8th Dist. Cuyahoga No. 108331, 2019-Ohio-4464, ¶ 10.

{¶ 14} In contrast, "[t]he failure to hold a competency hearing is harmless error where the defendant proceeds to participate in the trial, offers his own testimony in defense and is subject to cross-examination, and the record fails to reveal sufficient indicia of incompetency." *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).

{¶ 15} The state argues that because there is no evidence in the record rebutting the presumption that Barnes was competent to stand trial, the court's failure to hold a competency hearing in this case was harmless. However, in *Bock*, the court found the defendant competent based on his testimony at trial, including cross-examination, and the record failed to reveal sufficient indicia of incompetency. *Id.* at paragraph one of the syllabus. Unlike the defendant in *Bock*, Barnes did not testify at trial and was not subject to cross-examination. In this case, there were no indicia of Barnes's competency on which the court could make an accurate competency determination. The trial court never made any formal finding regarding Barnes's competency despite an order referring him to the court psychiatric clinic for a competency evaluation.

{¶ 16} This court has held that a trial court commits reversible error when it fails to hold a competency hearing if the issue of competency is raised prior to trial, the record is devoid of any formal finding of competency, and there are insufficient indicia of competency. *State v. Miller*, 8th Dist. Cuyahoga No. 104721, 2017-Ohio-7091; *State v. Flanagan*, 2017-Ohio-955, 86 N.E.3d 681 (8th Dist.); *State v. Dowdy*, 8th Dist. Cuyahoga No. 96642, 2012-Ohio-2382.

{¶ 17} In *Miller*, we explained that even when a psychiatric report is submitted suggesting that a defendant is competent to stand trial, the defendant is not required to stipulate to the psychiatric report because he or she has the right to challenge it during a competency hearing. *Id.* at ¶ 11.[1] "The purpose of a competency hearing is to give the defense an opportunity to test the validity of the findings in the report and to make a record for appellate review." *Id.* Indeed, an appellate court may reverse a trial court's finding of competency. *Id.*, citing *In re Williams*, 116 Ohio App.3d 237, 687 N.E.2d 507 (2d Dist.1997) (reversing court's finding of competency where the reports and testimony of expert witnesses "muddled" incorrect standards of law and inappropriate judgment about moral responsibility).

{¶ 18} As in *Miller* and *Flanagan*, the record in this case is devoid of any reference to Barnes's competency, except for two journal entries referring him to the psychiatric clinic, once for a competency evaluation and once for a recommendation concerning the disposition of the case. The fact that the court referred Barnes for a

---

[1] An original psychiatric report is contained in the file but there is no indication that it was ever submitted, reviewed, considered, or stipulated to.

psychiatric evaluation suggests there were some indicia of incompetence. Yet, the court did not hold a hearing, Barnes did not stipulate to a finding of competency, and the court never made a finding of competency on the record. And since Barnes remained silent at trial, there is insufficient evidence on the record on which to determine whether the failure to hold a competency hearing was harmless. "Basic principles of due process mandate that someone who is incompetent not be put to trial." *Flanagan* at ¶ 17.

{¶ 19} The statute is clear that the court "shall" hold a hearing when the defendant's competency to stand trial is raised before trial begins and there exists "sufficient indicia" of incompetence. *Were*, 94 Ohio St.3d 173, 175, 761 N.E.2d 591; R.C. 2945.37(B).

{¶ 20} The convictions are reversed, and the cases are remanded to the trial court for further proceedings consistent with this opinion. We need not address assignments of error two and three because assignment of error one is dispositive of the case. App.R. 12.

## IV. Conclusion

{¶ 21} Judgment is reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR