[Cite as *State v. Harian*, 2018-Ohio-2051.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 106209 and 106210**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CLARENCE K. HARIAN**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-606599-A and CR-16-607603-A

**BEFORE:** Celebrezze, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** May 24, 2018

**ATTORNEY FOR APPELLANT**

Jerome M. Emoff
Dworken & Bernstein Co., L.P.A.
1468 West Ninth Street, Suite 135
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Janna R. Steinruck
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Clarence Harian ("appellant"), brings this appeal challenging guilty pleas he entered in two criminal cases.    Specifically, appellant argues that the trial court failed to comply with R.C. 2945.37(B) by not conducting a competency hearing and that his guilty pleas were not voluntarily entered.    After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} The instant appeal arose from guilty pleas that appellant entered in two criminal cases on May 22, 2017.    First, in Cuyahoga C.P. No. CR-16-606599-A, appellant pled guilty to an amended Count 2, robbery, a second-degree felony in violation of R.C. 2911.02(A)(1), with notice of prior conviction and repeat violent offender specifications; Count 5, petty theft, a first-degree misdemeanor in violation of R.C. 2913.02(A)(1); and Counts 6 and 7, aggravated

menacing, first-degree misdemeanors in violation of R.C. 2903.21(A). Counts 1, 3, and 4 were nolled.

{¶3} Second, in Cuyahoga C.P. No. CR-16-607603-A, appellant pled guilty to an amended Count 2, robbery, a second-degree felony in violation of R.C. 2911.02(A)(1), with notice of prior conviction and repeat violent offender specifications; an amended Count 5, abduction, a third-degree felony in violation of R.C. 2905.02(A)(2); and Count 7, having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(2). Counts 1, 3, 4, and 6 were nolled.

{¶4} The trial court held a sentencing hearing on July 11, 2017, during which it sentenced appellant in both criminal cases. In CR-16-606599-A, the trial court sentenced appellant to a prison term of four years: four years on Count 2, six months on Count 5, six months on Count 6, and six months on Count 7. The trial court ordered the counts to run concurrently to one another. In CR-16-607603-A, the trial court sentenced appellant to a prison term of four years: four years on Count 2, one year on Count 5, and one year on Count 7. The trial court ordered the counts to run concurrently to one another.

{¶5} The trial court ordered appellant to serve his four-year prison sentence in CR-16-607603-A consecutively with his four-year sentence in CR-16-606599-A for an aggregate prison term of eight years. The trial court issued a nunc pro tunc sentencing entry in CR-16-607603-A on July 20, 2017.

{¶6} On September 9, 2017, appellant filed the instant appeals challenging his convictions. He assigns two errors for review:

> I. The trial court erred in failing to comply with the mandatory requirements of R.C. 2945.37(B).

II. The trial court erred in failing to comply with the requirements of Crim.R. 11(C)(2)(a) & (b).

On October 26, 2017, this court consolidated appellant's appeals.

## II. Law and Analysis

### A. Competency

{¶7} In his first assignment of error, appellant argues that the trial court failed to comply with the mandatory requirements of R.C. 2945.37(B) by not conducting a competency hearing after referring him for a competency evaluation during pretrial proceedings.

{¶8} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). A defendant is "incompetent" if he or she "is incapable of understanding the nature and objective of the proceedings against [him or her] or of assisting in [his or her] defense." *Id*. at 360.

{¶9} If a defendant's competency to stand trial "is raised before the trial has commenced, the court *shall* hold a hearing on the issue." (Emphasis added.) R.C. 2945.37(B). Thus, "where the issue of the defendant's competency to stand trial is raised prior to trial, a competency hearing is mandatory." *State v. Bock*, 28 Ohio St.3d 108, 109, 502 N.E.2d 1016 (1986).

{¶10} In this case, it is undisputed that the issue of appellant's competency was raised prior to trial, and that the trial court did not hold a competency hearing as required by R.C. 2945.37(B). The state acknowledges that the trial court erred by failing to hold a competency hearing before accepting appellant's guilty pleas. The state argues, however, that the trial court's error was harmless.

{¶11} The Ohio Supreme Court has held that "the failure to hold a mandatory

competency hearing is a harmless error where the record fails to reveal sufficient indicia of incompetency." *Bock* at 110. In this case, the state argues that the record fails to reveal sufficient indicia of incompetency. The state asserts that the only indicia of incompetency in the record was appellant's assertion that he has been diagnosed with paranoid schizophrenia.

{¶12} The state contends that the record reflects that appellant was, in fact, competent to stand trial and that he understood the nature of the proceedings, the charges against him, and the potential penalties he faced for those charges. In support of its argument, the state emphasizes that appellant requested new counsel, presented an argument in support of his request, and inquired about the basis for the firearm specification with which he was charged. The state argues that appellant's conduct during pretrial proceedings "indicates that [a]ppellant knew and understood what he was being charged with and [the] ramifications." Appellee's brief at 6.

{¶13} Appellant, on the other hand, argues that the trial court's failure to hold a competency hearing was not harmless error because the record reveals sufficient indicia of incompetency. In support of his argument, appellant emphasizes that CR-16-606599-A was originally assigned to the mental health docket, the trial court referred him to the court psychiatric clinic for a competency evaluation, and that he suffered a "mental breakdown" that caused him to relapse after being sober for almost one year. (Tr. 56-57.)

{¶14} After reviewing the record, we find nothing suggesting that appellant was incompetent to stand trial or enter into a plea. Therefore, any error regarding the trial court's failure to hold a competency hearing is harmless.

{¶15} The docket in this case contains no reference to appellant's competency except for the July 6, 2016 journal entry in CR-16-606599-A referring him for a psychological evaluation. However, the trial court discussed the court psychiatric clinic's report during the January 6, 2017

pretrial hearing. The trial court explained that the report was seven pages long and concluded that appellant was "just fine[.]" (Tr. 6.) The trial court stated that although appellant's case had initially been assigned to the mental health docket, appellant was found to be ineligible for the mental health docket.[1]

{¶16} Appellant inquired as to why he was found to be ineligible for the mental health docket. The trial court explained, presumably referencing the findings set forth in the court psychiatric clinic's report, "I understand that you can demonstrate that you are able to assist with your attorney, that you understand what is going on here and, therefore, they do not find that you are eligible for mental health court." (Tr. 5.) Appellant asserted that he is always on the mental health docket and that he has been diagnosed with paranoid schizophrenia. (Tr. 5-6.) The trial court stated that the clinic diagnosed appellant with "cocaine use disorder severe" and explained that every disorder or diagnosis does not make a defendant eligible for the mental health docket. (Tr. 5-6.) The trial court further explained that the clinic "thought [appellant was] fine. * * * This report is seven pages long, and they will tell you in detail why they felt that you were just fine[.]" (Tr. 6.)

{¶17} Finally, the trial court assigned new counsel to represent appellant and stated that it would not have a problem referring appellant to the court psychiatric clinic for another evaluation "if [appellant's] new counsel believes that [he] should be rediagnosed[.]" (Tr. 6.)

{¶18} Neither appellant nor his new attorney raised the issue of appellant's competency during the change of plea hearing. Furthermore, there is no indication in the record that appellant's new counsel requested that appellant be referred back to the court psychiatric clinic for further evaluation. Had appellant's new counsel believed that appellant was incompetent or

---

[1] CR-16-606599-A was assigned to the mental health docket during appellant's June 3, 2016 arraignment.

had some reason to question whether appellant was, in fact, competent to proceed, counsel surely would have raised the issue before the trial court proceeded with the change of plea hearing. *See State v. McNeir*, 8th Dist. Cuyahoga No. 105417, 2018-Ohio-91, ¶ 27, citing *State v. Smith*, 89 Ohio St.3d 323, 330, 731 N.E.2d 645 (2000).

{¶19} Appellant's assertions during the January 6, 2017 pretrial hearing do not manifest a level of incompetency. In support of his request for new counsel, appellant asserted, "right now me and [counsel] did not see eye-to-eye. We have a conflict of interest, so I need — I'd like to have another lawyer."[2] (Tr. 4.) Appellant further explained that he believed there was a conflict of interest because counsel had previously told him that the state had not offered a plea, but counsel asserted during the pretrial hearing that there have been offers made by the state. Appellant also inquired about the basis for the firearm specification with which he was charged: "[h]ow can I be charged with a gun if there wasn't no gun?" (Tr. 10.)

{¶20} Based on the foregoing analysis, we find that there was a lack of sufficient indicia of incompetency in the record. Accordingly, the trial court's failure to hold a competency hearing as required by R.C. 2945.37(B) was harmless error. Appellant's first assignment of error is overruled.

## B. Guilty Plea

{¶21} In his second assignment of error, appellant argues that his guilty plea was not voluntarily entered because the trial court failed to comply with Crim.R. 11(C)(2)(a) and (b) in advising appellant of the penalties he faced as a result of pleading guilty.

{¶22} Before accepting a guilty plea, a trial court is bound by the requirements of Crim.R.

---

[2] Although the trial court referenced a written request for new counsel filed by appellant, this document is not in the trial court's docket or the record before this court.

11(C)(2). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 27. Crim.R. 11(C)(2)(a) requires a trial court to inform a criminal defendant of the maximum penalty for the offense to which he is pleading guilty.

{¶23} Advising a defendant about the maximum sentence has been determined to be a nonconstitutional right. *State v. Owens*, 8th Dist. Cuyahoga Nos. 100398 and 100399, 2014-Ohio-2275, ¶ 7, citing *State v. McKissic*, 8th Dist. Cuyahoga Nos. 92332 and 92333, 2010-Ohio-62, ¶ 13. Substantial compliance with Crim.R. 11 is sufficient when advising a defendant about nonconstitutional rights. *Clark* at ¶ 30. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶24} In this case, appellant argues that the trial court failed to sufficiently advise him of the effect of pleading guilty to the notice of prior conviction specifications. He appears to argue that he did not fully understand that by pleading guilty, he would be sent to prison. Appellant's argument is entirely unsupported by the record.

{¶25} During the change of plea hearing, the trial court stated that by pleading guilty in CR-16-606599-A to robbery, appellant faced a possible sentence of two to eight years in prison. (Tr. 30.) The prosecutor advised the trial court that the robbery count contained a notice of prior conviction specification. Thereafter, the trial court explained, "[y]ou have 2 specifications on count 2 of this indictment, Mr. Harian. One is a notice of prior conviction and the other is a repeat violent offender. And just so I'm clear, a notice of prior conviction, that means that this is mandatory time. * * * It looks like it requires the imposition of a prison term." (Tr. 31.) Defense counsel asserted that the prison term was "non-probationable" but not mandatory. (Tr.

32.) The trial court explained, "[n]on-probationable. So it requires a prison term, but the prison term doesn't have to be a mandatory term." (Tr. 32.) Thereafter, the following exchange took place between appellant and the trial court:

THE COURT: Do you understand that?

[APPELLANT]: Well —

THE COURT: It means that you're going to prison. That's what it means.

[APPELLANT]: Yes, I understand.

(Tr. 32.) The trial court further advised appellant that the notice of prior conviction specification means that he "will get prison time. You can't get probation. And I don't think you were looking for probation on these, because they're both serious charges." (Tr. 33.) The trial court also advised appellant that by pleading guilty in CR-16-607603-A to robbery with a notice of prior conviction specification, appellant was required to go to prison. (Tr. 34.)

> The mere fact that the court did not specifically say "You are ineligible for probation" or "This offense requires a mandatory term of prison" will not be fatal unless the record clearly indicates that the defendant was unaware that he would be sent to prison upon a plea of guilty and he was prejudiced by that fact. The test is whether the plea would not have otherwise been made. *Nero*, 56 Ohio St.3d at 108, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.

*State v. Smith*, 8th Dist. Cuyahoga No. 83395, 2004-Ohio-1796, ¶ 11.

{¶26} Here, the record reflects that appellant was aware that by pleading guilty, he would be sentenced to prison. Defense counsel acknowledged during the sentencing hearing that the robbery counts to which appellant pled guilty were nonprobationable due to the underlying notice of prior conviction specifications. Knowing that the robbery offenses were nonprobationable

and that he was "going to prison," appellant knowingly, intelligently, and voluntarily pled guilty. Accordingly, appellant's second assignment of error is overruled.

### III. Conclusion

**{¶27}** After thoroughly reviewing the record, we find that the trial court's failure to hold a competency hearing was harmless error and that appellant knowingly, intelligently, and voluntarily entered his guilty pleas.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR