[Cite as *State v. Edwards*, 2019-Ohio-4979.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108220 |
| v. | : | |
| DAVID EDWARDS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 5, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-628743-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Steven N. Szelagiewicz, Assistant Prosecuting Attorney, *for appellee.*

James J. Hofelich, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, David Edwards ("Edwards"), appeals his guilty plea and sentence. He raises three assignments of error for our review:

1. The trial court erred when it accepted appellant's plea without conducting the competency hearing required by R.C. 2945.37(B).

2. Appellant's plea of guilt to count thirteen was not knowing, voluntary, and intelligent as he did not waive his right to a grand jury.

3. The trial court's sentence of 21 years is contrary to law.

{¶ 2} Finding no merit to his assignments of error, we affirm.

## I. Procedural History and Factual Background

{¶ 3} On June 8, 2018, the Cuyahoga County Grand Jury indicted Edwards for eight counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree; and one count of kidnapping in violation of R.C. 2905.01(A)(4), a felony of the first degree. All of the counts for rape and gross sexual imposition contained a sexually violent predator specification, and the count for kidnapping contained a sexual motivation specification and a sexually violent offender specification. Two of the rape counts, three of the gross sexual imposition counts, and the kidnapping count were based on conduct related to Jane Doe I (D.O.B. 5/12/2009) (Counts 1 to 6), and the remaining six counts for rape and one count for gross sexual imposition were based on conduct related to Jane Doe II (D.O.B. 7/27/2006) (Counts 7 to 13).

{¶ 4} On July 3, 2018, the trial court referred Edwards to the court psychiatric clinic to test his IQ, determine his competence to stand trial, and determine his eligibility for transfer to the court's mental health docket. It is not

clear from the record if the trial court sua sponte sought the competency evaluation or if defense counsel or the state requested it. Further, while a report on Edwards's competency, IQ, and eligibility for transfer to the mental health court docket was completed, there is no indication in the record that the trial court ever reviewed that report or that it was made part of the trial court's record.

{¶ 5} In November 2018, Edwards agreed to a plea deal offered by the state under which the state would amend the indictment and agree to dismiss certain counts. Edwards pleaded guilty to six amended counts of rape in violation of R.C. 2907.02(A)(2), with the sexually motivated predator specifications deleted. One of the counts for rape (Count 13) was also amended to "reflect digital penetration" and to reflect a third victim, Jane Doe III (D.O.B. 4/28/2010). Edwards also pleaded guilty to two amended counts of gross sexual imposition with the sexually motivated predator specifications deleted. The trial court nolled the remaining two counts of rape, two counts of gross sexual imposition, and one count of kidnapping.

{¶ 6} Prior to pleading guilty and after discussing the amendments to the indictment, the state said, "Your Honor, it's our understanding the defendant will plead guilty to those charges, waive all defects in the amendments, especially for Count 13." Edwards's trial counsel agreed with the state's characterization of the plea deal and indicated that Edwards was accepting the plea to take the life specification off the table. After Edwards pleaded guilty, the trial court referred Edwards to the court psychiatric clinic for disposition.

{¶ 7} At the sentencing hearing, the trial court stated that it received a "psychiatric recommendation regarding disposition report." That report, authored by Dr. James Rodio and dated December 20, 2018, states:

> Due to health concerns, [Edwards] describes his current (Alford Plea Bargain) as a practical health matter to avoid ending life in prison from several medical issues, despite maintaining his innocence.
>
> Mr. Edwards's life report * * * is marked by stressful events and long isolation, resulting in drug use and mood changes. He describes recent years of improvement when receiving outpatient antidepressant and sleep-enhancing medication.
>
> For a successful clinical approach, Mr. Edwards should certainly remain abstinent from the use of alcohol, cannabis, and crack cocaine. This would stabilize his body and prevent exposure to negative peers. He also benefits from the antidepressant medication, Zoloft, and from the sleep-enhancing/mood-lifting medication, Seroquel.

The report noted that Edwards attended the Bruster Business College and attained his state-tested nursing assistant ("STNA") license and worked as a certified STNA for over 20 years, but lost his license after he incurred gross sexual imposition charges.

{¶ 8} The trial court sentenced Edwards to nine years on each count of rape and five years on each count of gross sexual imposition. It ordered that three of the nine-year sentences for rape (Counts 1, 7, and 13) be served consecutive to one another and that the remaining terms run concurrently, giving Edwards an aggregate prison term of 27 years. The trial court advised Edwards that he was a Tier III sex offender and of the reporting requirements. It also advised him that he was subject to a mandatory five-year period of postrelease control and imposed costs.

**{¶ 9}** It is from this judgment that Edwards now appeals.

## II. Law and Analysis

### A. Competency Hearing

**{¶ 10}** In his first assignment of error, Edwards argues that the trial court erred when it failed to conduct a competency hearing required by R.C. 2945.37(B).

**{¶ 11}** "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). "The competency standard for pleading guilty is the same as competency to stand trial." *In re K.A.*, 8th Dist. Cuyahoga No. 104938, 2017-Ohio-6979, ¶ 11, citing *State v. Bolin*, 128 Ohio App.3d 58, 713 N.E.2d 1092 (8th Dist.1998). As such, an incompetent defendant may not agree to and enter a guilty plea. *State v. Cruz*, 8th Dist. Cuyahoga No. 93403, 2010-Ohio-3717, ¶ 17.

**{¶ 12}** A defendant is presumed to be competent and has the burden of proving his incompetency by a preponderance of the evidence. *State v. Williams*, 23 Ohio St.3d 16, 28, 490 N.E.2d 906 (1986). A defendant is not competent to stand trial or plead guilty if he or she "is incapable of understanding the nature and objective of the proceedings against [him] or of assisting in [his] defense." R.C. 2945.37(G).

**{¶ 13}** Trial courts must hold competency hearings when the issue is raised. R.C. 2945.37. Typically, the failure to hold a competency hearing before accepting a defendant's guilty plea is reversible error. *In re K.A.* at ¶ 11. Nevertheless, when

the record does not contain "sufficient indicia of incompetence," a trial court's failure to hold a competency hearing before trial is harmless error. *Berry* at 359; *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).

{¶ 14} The state agrees that the trial court failed to hold a competency hearing as R.C. 2945.37(B) requires, but argues that it was harmless error, citing to *State v. Harian*, 8th Dist. Cuyahoga Nos. 106209 and 106210, 2018-Ohio-2051.

{¶ 15} In *Harian*, the defendant argued that the trial court erred when it failed to conduct a competency hearing. We disagreed, finding no indicia of incompetency in the record. *Id.* at ¶ 14. We stated that while the docket did not contain a reference to the defendant's competency besides the trial court's referral, "the trial court discussed the court psychiatric clinic's report during" a pretrial hearing and that the report concluded that the defendant was competent and the defendant was not eligible for the mental health docket. *Id.* at ¶ 15-16. We also noted that the defendant's new counsel or the defendant did not raise the issue of competency again after the trial court discussed the report. *Id.* at ¶ 17-18.

{¶ 16} After reviewing the record, we find nothing to suggest that Edwards was not competent to stand trial or enter into a valid plea. Foremost, the docket's only reference to Edwards's competency occurred on July 6, 2018, when Edwards was referred to the court psychiatric clinic to determine his competence, IQ, and eligibility for mental health court. But, it is not clear who requested that referral and, after Edwards obtained new defense counsel during the lower court proceedings, his counsel never raised the issue of competency.

{¶ 17} Second, the psychiatric report containing the recommendation for Edwards's disposition was part of the trial court's record. *Compare State v. Jirousek,* 8th Dist. Cuyahoga No. 99641, 2013-Ohio-4796, ¶ 12 (not harmless error because no psychiatric report filed with trial court) and *State v. Dowdy,* 8th Dist. Cuyahoga No. 96642, 2012-Ohio-2382, ¶ 15-16 (failure to hold competency hearing was not harmless error because "no psychiatric report exists in the record"). At the sentencing hearing, the trial court stated that it received the psychiatric recommendation on disposition.

{¶ 18} The December 2018 report regarding Edwards's disposition found that Edwards's life was "marked by stressful events and long isolation, resulting in drug use and mood changes," but that Edwards has improved for years while "receiving outpatient antidepressant and sleep-enhancing medication." The report stated that Edwards should remain abstinent from alcohol and drugs and to receive antidepressant and sleep-enhancing medications. The report also noted that Edwards was a licensed and certified STNA for over 20 years and that Edwards stated that he was accepting a plea to avoid dying in prison.

{¶ 19} Like *Harian*, 8th Dist. Cuyahoga Nos. 106209 and 106210, 2018-Ohio-2051, the psychiatric recommendation on disposition report in no way indicated that Edwards was not competent. Therefore, we find no indicia that Edwards was not competent in the record, conclude that the trial court's failure to hold a competency hearing was harmless error, and overrule Edwards's first assignment of error.

**B. Edwards's Plea**

{¶ 20} In his second assignment of error, Edwards argues that he did not voluntarily plead guilty to Count 13 (rape of Jane Doe III), which the state amended to include a victim not in the original indictment, because he did not waive his right to a grand jury.

{¶ 21} Crim.R. 7(D) provides in relevant part:

> The court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment * * * or to cure a variance between the indictment * * * and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury.

{¶ 22} We have previously recognized that when the state amends an indictment to identify unnamed victims, a defendant is not entitled to have those counts resubmitted to the grand jury. *See State v. Mitchell*, 8th Dist. Cuyahoga No. 88977, 2007-Ohio-6190, ¶ 40-41 (because the state only amended the victims' names, there was "no change to the substance of the crime charged," and pretrial discovery provided to the defendant reflected the identity of the victims, defendant was not entitled to have the charges resubmitted to the grand jury); *State v. Henley*, 8th Dist. Cuyahoga No. 86591, 2006-Ohio-2728, ¶ 20-21 (defendant was not

entitled to have counts resubmitted to the grand jury after state amended indictment to change the name of the victim because that change does not alter the substance or the identity of the crime charged).

{¶ 23} In those cases, however, it appears that the state only amended the indictment to actually identify the Jane Does. But in this case, the state entirely changed Count 13 to identify a new victim and different conduct than was originally charged in that count. Therefore, unlike *Mitchell* and *Henley*, the state's amendment in this case changed the actual victim (and the underlying conduct) charged in Count 13.

{¶ 24} Nevertheless, in *State v. Johnson*, 8th Dist. Cuyahoga Nos. 81692 and 81693, 2003-Ohio-3241, we held that the trial court did not err in allowing the state to amend the indictment to substitute the name of a different victim without resubmitting the count to the grand jury. We stated that because the name of the victim "is not an essential element of the crime, the name of the victim is not required in the indictment. [*State v. Owens*, 51 Ohio App.2d 132, 366 N.E.2d 1367 (9th Dist.1975).] * * * Johnson was not prejudiced by the amendment because he previously received discovery from the State providing him the correct name of the victim." *Id.* at ¶ 20; *see also State v. Davis*, 8th Dist. Cuyahoga No. 90050, 2008-Ohio-3453, ¶ 24 ("We find that it was not error for the court to amend the indictment to include Warren Williams as a victim of count one, as the victim's identity is not an element of burglary, and appellant was aware that Warren Williams was a victim in the associated assault charge.").

{¶ 25} We reach the same conclusion in this case. We find that the amendment to Count 13 did not alter an essential element of the crime charged and that Edwards suffered no prejudice. In fact, through counsel, Edwards agreed to the amendment before voluntarily pleading guilty. At the plea hearing, the state said that it understood that Edwards would plead to the amended charges and "waive all defects in the amendments, especially for Count 13 * * * in consideration of not reindict[ing] a separate case involving that victim." Upon inquiry from the trial court, Edwards's counsel agreed with the state's characterization of the plea agreement as well as the fact that Edwards was accepting the plea to take the life specification off the table. Further, the state points out in its brief that Edwards received discovery related to Jane Doe III. Therefore, Edwards did not suffer prejudice as a result of the amendment.

{¶ 26} Accordingly, we overrule Edwards's second assignment of error.

**C. Edwards's Sentence**

{¶ 27} In his third assignment of error, Edwards argues that his 27-year sentence was contrary to law and not clearly and convincingly supported by the record and specifically challenges his consecutive sentences.[1]

{¶ 28} Felony sentences are reviewed under the standard provided in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d

---

[1] In his appellate brief, Edwards states that his "21-year sentence is contrary to law;" however, his aggregate sentence was actually 27 years, comprised of three nine-year terms, which the trial court ran consecutive to one another but concurrent to the remaining terms of imprisonment.

1231, ¶ 16. A reviewing court may overturn the imposition of consecutive sentences only if it clearly and convincingly finds that either (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." Before a trial court may impose consecutive sentences, the court must make specific findings mandated by R.C. 2929.14(C)(4) and then incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The trial court is not required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language. *Id.* "As long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 29} R.C. 2929.14(C)(4) authorizes the court to order consecutive service of multiple sentences if consecutive service (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court must find that (a) if the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense; (b) at least two of the offenses caused harm so great and unusual that no single term for any offense adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates

the necessity of consecutive sentences to protect the public from future crime. *State v. Smeznik*, 8th Dist. Cuyahoga Nos. 103196 and 103197, 2016-Ohio-709, ¶ 6.

{¶ 30} Edwards does not argue that the trial court failed to make the required findings before imposing consecutive sentences, but instead argues that a review of the record shows that consecutive sentences were not warranted because he "was 55 years old at the time of sentencing, took responsibility for his actions by accepting a plea[, and] * * * expressed remorse by apologizing to his victims." He argues that the trial court should have run all of his terms of imprisonment concurrent to one another.

{¶ 31} We disagree. After hearing from the parents of two of the minor victims, the state, Edwards's trial counsel, and Edwards himself, the trial court stated the following at the sentencing hearing:

> First of all, the injuries to the victims, the physical and mental conditions, and their age. I mean we have young children all under the age of ten. Three victims.
>
> The psychological harm and the physical harm, the fact that they can't trust anyone, the fact that they won't trust other people, adults, because of your conduct, that's serious.
>
> The fact that you were in a position of trust. The fact that your relationship with the victims helped facilitate this offense, is a serious factor. The fact that you were given access to these children. They were your son's — living with your son, his fiancée, those are all serious factors.
>
> Now you know, you've accepted responsibility here and I give you credit for that. * * * You saved these three children from having to go through a trial, having to testify in front of strangers about what occurred. I mean, there's some redeeming quality to that.

But then I have to go to your background. When I go to your background, the first thing I see is in 2000 you were convicted * * * of gross sexual imposition. And you were given a sentence of two years. And you were classified as a sexually oriented offender back then.

In 2008 you were again back in this court for the fact that you didn't verify where you were living and change of address records, and you were given a chance at probation[.]

In 2012 there's an active warrant out for you for rape. And that's dealing with the third victim. * * *

And then 2018, this case here, you have three victims. * * * So the fact that you had a prior offense of the kid, of touching a child, the fact that you were under registration requirements, the fact that you had access to these children, are all serious factors to this court and serious to me as the sentencing judge.

The court found that running three of the nine-year terms consecutive to one another was necessary to protect the public, punish Edwards, and was not disproportionate to the seriousness of his conduct and the danger he posed to the public. It also found that "the harm to these young children is so great or unusual, that a single term [did] not adequately reflect that seriousness of [Edwards's] conduct" and that Edwards's "criminal history shows that consecutive terms [were] needed to protect the public."

{¶ 32} Furthermore, while Edwards is right that he accepted responsibility for his actions by pleading guilty, a factor that the court acknowledged at the hearing, Edwards vehemently denied committing the crimes at the hearing and suggested he was only pleading guilty to avoid a life sentence and dying in prison.

{¶ 33} After review of the above, including Edwards's criminal history, which included prior convictions for gross sexual imposition and failure to comply

with his registration requirements, and the fact that he violated a position of trust to commit the crimes against the victims, we find that the record clearly and convincingly supports the trial court's findings and imposition of consecutive sentences per R.C. 2953.08(G)(2). Accordingly, we overrule Edwards's third assignment of error.

{¶ 34} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR